IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HENRY PRATT : CIVIL ACTION
:
v. :
:
VICTORIA INSURANCE CO., et al. : NO. 10-1629

MEMORANDUM

Bartle, C.J. November 12, 2010

This diversity action involves a bad faith insurance claim brought by plaintiff Henry Pratt against his insurer Nationwide Mutual Insurance and its related business entities for failure to pay what he maintains was due to him for vandalism to his motor vehicle. Pratt filed his complaint in the Court of Common Pleas of Philadelphia. On April 14, 2010, defendants timely filed a notice of removal to this court. The case, seeking damages of less than $150,000, was referred to an arbitration panel. See Local R. 53.2(3). On September 15, 2010, the arbitration panel found in favor of the defendants. On October 5, 2010, Pratt demanded a trial de novo. See Local R. 53.2(7)(A).

The parties dispute whether this action should be tried before a jury. In order to bring this issue before this court for resolution, plaintiff has moved that this matter be heard before a jury on the ground that defendants have made a jury demand. In the alternative, plaintiff seeks allowance from the court to have a jury impaneled.

On his Entry of Appearance in the Court of Common Pleas, defendants' counsel wrote, "A jury of twelve (12) persons is demanded." He also marked his "Notice of Filing of Notice of Removal," docketed in the Court of Common Pleas, as "Jury Trial Demanded." These documents were also attached as exhibits to defendants' Notice of Removal filed in this court and served on plaintiff. Defendants contend that its filings did not constitute an allowable jury demand and that the case must be tried without a jury.

Rule 38 of the Federal Rules of Civil Procedure provides:

> On any issue triable of right by a jury, a party may demand a jury trial by:
> (1) serving the other parties with a written demand — which may be included in a pleading — no later than 14 days after the last pleading directed to the issue is served; and
> (2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b). Rule 5(d) of the Federal Rules of Civil Procedure requires that any non-discovery paper other than the complaint that is served must be also be filed within a reasonable time, that the paper be filed by delivering it to the clerk or a judge who agrees to accept it for filing, and that it may be filed electronically if the local rules so provide. A properly made jury demand may be withdrawn only with the consent of all parties. See Fed. R. Civ. P. 38(d).

Pratt's sole claim is a bad faith insurance claim brought under 42 Pa. Cons. Stat. § 8371. Under Pennsylvania law,

there is no right to a jury trial in the state courts for such a cause of action. See Mishoe v. Erie Ins. Co., 573 Pa. 267, 273 (Pa. 2003). However, our Court of Appeals has held that when a § 8371 claim is brought in federal court, the punitive damages remedy triggers the Seventh Amendment right to trial by jury. See Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 236 (3d Cir. 1997). Thus, Pratt's claim is triable by jury in this court if either party has properly made a demand.

We must now determine whether defendants' statements in the exhibits to the Notice of Removal fulfilled the requirements of Rule 38(b)(1) and (2). Defendants did serve the state court Entry of Appearance and "Notice of Filing of Notice of Removal" on Pratt in writing when they attached them as exhibits to their Notice of Removal. That service occurred before the defendants served their answer to the complaint. Defendants' jury demand satisfies Rule 38(b)(1).

Furthermore, defendants' filing of the demand also comports with Rule 5(d). Defendants' jury demand was filed within a reasonable time after being served by the plaintiff and was filed by delivering it to the clerk of the court via electronic means as allowed by the local rules. This demand was filed in accordance with Rule 5(d) and satisfies Rule 38(b)(2). Thus, defendants' jury demand is effective and cannot be withdrawn without the consent of the plaintiff.

However, even if defendants' actions did not constitute a proper jury demand, Pratt is correct that we may, upon his

motion, order a jury trial on any issue for which a jury might have been demanded. See Fed. R. Civ. P. 39(b). Our Court of Appeals has directed that, in cases of an untimely jury demand, we consider:

> 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for the failure to file a timely demand.

SEC v. Infinity Group Co., 212 F.3d 180, 196 (2000). Here, the issues are highly suitable for a jury. In addition, granting the motion would not disrupt the schedule of the court or the adverse party as Pratt has only very recently filed his appeal from arbitration and no prejudice would result to defendants. Moreover, Pratt brought this motion immediately upon learning that defendants challenged his right to a jury trial. Accordingly, even if we were to determine that defendants' previously docketed jury demand was defective, the court, in its discretion, will allow Pratt's request for a jury trial.